NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER RAWLINS BRASURE, ) | No. C 08-01943 JF (PR) |
| ) | |
| Plaintiff, ) | ORDER DISMISSAL WITH |
| ) | LEAVE TO AMEND; |
| vs. ) | DENYING MOTION FOR |
| ) | APPOINTMENT OF COUNSEL |
| ) | |
| ROBERT AYERS, Warden, ) | |
| ) | |
| Defendant. ) | (Docket No. 4) |
| ) | |

Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis (Docket No. 3) will be addressed in a separate order. The Court will dismiss the complaint with leave to amend.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

In his complaint, Plaintiff claims that prison officials unlawfully confiscated and destroyed his property against prison policy and procedure, resulting in the violation of his to due process. Where the deprivation is the result of 'established state procedure," the Fourteenth Amendment requires "'an opportunity . . . granted at a meaningful time and in a meaningful manner,'. . . for a hearing appropriate to the nature of the case.'" Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-37 (1982). Due process is violated where a deprivation is predictable and pre-deprivation process possible, but state officials, acting under apparent authority of state procedures, provide no pre-deprivation procedure and are specifically charged with the authority to effect the deprivation complained of. See Zimmerman, 255 F.3d at 739 (holding that a due process challenge to the deprivation of property may go forward where (1) the deprivation took place at a specific, predictable point in the seizure process; (2) the seizing officer was delegated the power and authority to effect the very deprivation complained of; and (3) he also had the concomitant duty to initiate the procedural safeguards set up under the local ordinance); Armendariz, 31 F.3d at 866.

However, Plaintiff has failed to allege how Defendant Warden Robert Ayers was involved in violating his constitutional rights. To state a claim under § 1983, a plaintiff must set forth specific facts as to each individual defendant's conduct that proximately

caused a violation of his rights. <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff has not alleged how Defendant Ayers was involved in the illegal confiscation and destruction of his property, although he identifies other prison officials who were more directly involved without naming them as defendants in this action. To the extent that Plaintiff is attempting to hold Defendant Ayers responsible in a supervisorial capacity, Plaintiff's allegations are insufficient to state a claim under § 1983 claim because only those individual officials who actually engage in unlawful conduct can be held liable. <u>See</u> <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658, 690 (1978) (rejecting concept of respondeat superior liability in § 1983 context and requiring individual liability for constitutional violation); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding personal participation required for finding of supervisorial liability based on alleged constitutional violations).

Plaintiff will be given leave to amend to cure the deficiencies described above. He may do so by alleging facts showing how Defendant Ayers' unlawful conduct resulted in the deprivation of his rights. Plaintiff may also attempt to name other defendants, stating specific facts as to each individual defendant's conduct that proximately caused a violation of his rights. <u>See</u> <u>Leer</u>, 844 F.2d at 634.

C.    Motion for Appointment of Counsel

Plaintiff's motion for appointment of counsel (Docket No. 4) is denied for lack of exceptional circumstances. <u>See</u> <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986).

**CONCLUSION**

1.    The complaint is DISMISSED with leave to amend within **thirty (30) days** from the date this order is filed to cure the deficiencies described above. The amended complaint must include the caption and civil case number used in this order (08-01943 JF (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an

1  amended complaint completely replaces the previous complaints, Plaintiff must include in
2  his amended complaint all the claims he wishes to present and all of the defendants he
3  wishes to sue.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff
4  may not incorporate material from the prior complaint by reference.  **Failure to file an**
5  **amended complaint in accordance with this order will result in dismissal of this**
6  **action without further notice to Plaintiff.**

7        2      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
8  Court informed of any change of address by filing a separate paper with the clerk headed
9  "Notice of Change of Address."  He must comply with the Court's orders in a timely
10 fashion or ask for an extension of time to do so.  Failure to comply may result in the
11 dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

12      This order terminates Docket No. 4.
13      IT IS SO ORDERED.
14 DATED:  7/25/08

JEREMY FOGEL
United States District Judge

Order of Dismissal with Leave to Amend; Denying Motion for Appt. Of Counsel
P:\PRO-SE\SJ.JF\CR.08\Brasure1943_dwlta.wpd        4