1 SPENCER RAWLINS BRASURE
2 #P10000, SQSP
3 SAN QUENTIN CA. 94974
4 PLAINTIFF PRO-SE

FILED

2008 AUG 26 P 2:52

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

NC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA.

| | |
|---|---|
| 11 SPENCER RAWLINS BRASURE, | NO. C08-01943 JF |
| 12       PLAINTIFF, | PLAINTIFF'S AMENDED |
| 13    V. | COMPLAINT; UNDER THE CIVIL |
| 14 ROBERT AYERS JR, WARDEN, | RIGHTS ACT OF 42 U.S.C. 1983; |
| 15 D. DACANAY, ASSOCIATE WARDEN, | FOR DECLARATORY AND ALSO |
| 16 D. EDWARDS, C.C.II. | INJUNCTIVE RELIEF, FOR |
| 17 PALMER, C.C.I. | GENERAL AND PUNITIVE DAMAGES. |
| 18 J. AVILA, CORRECTIONAL OFFICER, | ORDER JURY TRIAL. |
| 19 D. SCHLOSSER, LT.-C.C.I. | |
| 20 R. FOX, CAPT. | |
| 21    IN THEIR INDIVIDUAL AND | |
| 22 OFFICIAL CAPACITYS, | |
| 23    DEFENDANT'S ET. AL. | |

25    PLAINTIFF'S AMENDED COMPLAINT PER
26 THE COURT'S JULY 25, 2008 ORDER; THEREFORE
27 THE FOLLOWING COGNIZABLE CLAIM'S ARE SET
28 OUT HEREIN BASED ON THERE MERIT AND FACTS.

C08-01943JF
PLTF. AM. COMP.                    1

# INTRODUCTION

## I.

**1. FIRST AMENDMENT VIOLATIONS OF CORRESPONDENCE** BY PLACING PLAINTIFF ON AN UNAUTHORIZED PUNISHMENT OF A 90 DAY PERIOD OF PROPERTY CONTROL PUNISHMENTS IN VIOLATION OF THE STATE'S CALIFORNIA CODE OF REGULATIONS ALLOWABLE PUNISHMENTS OF PRIVILEGE GROUP D, PER C.C.R. TITLE 15, SECTION 3044, SAID USE OF THE ILLEGAL I.P. NO. 608-SQSP. PROPERTY CONTROL PUNISHMENT APPLIED AGAINST CONDEMNED PRISONERS IS IN VIOLATION OF THE STATE'S OWN REGULATIONS AS STATED ABOVE, AND SAID ILLEGAL UNDERGROUND RULE OF I.P. NO. 608-SQSP CONDEMNED PROPERTY CONTROL HAS BEEN APPLIED WITHOUT THE WARDEN ROBERT AYERS JR. EVER FIRST SEEKING TO COMPLY WITH THE STATES "A.P.A."- ADMINISTRATIVE PROCEDURES ACT, WITH THE "O.A.L." OFFICE OF ADMINISTRATIVE LAW. THE FIRST AMENDMENT VIOLATIONS OF PLACING PLAINTIFF ON A CORRESPONDENCE RESTRICTIONS RELATED TO ALL INCOMMING MAIL AND PUBLICATIONS AS PART OF THE 90 DAY PROPERTY CONTROL RESTRICTIONS APPLIED FROM FEBRUARY 20, 2007, THROUGHOUT MAY, 24, 2007. THIS WAS NOT IN ANY FORM RELATED TO ANY LEGITIMATE INTERESTS OF PRISON SECURITY AND WAS APPLIED FOR 90 DAYS AS AN ILLEGAL PUNITIVE PUNISHMENT, AND THE DEFENDANT'S ALL PERSONALLY KNEW THIS FORM OF PUNISHMENT WAS NOT AN ALLOWABLE OPTION TO BE APPLIED TOWARDS PLAINTIFF A STATE CONDEMNED PRISONER UNDER THE DEFENDANTS OFFICIAL CUSTODY AND CONTROL AND SUBJECT TO THE STATE REGULATIONS OF THE C.C.R.-TITLE 15. WHICH THIS 90 DAY PROPERTY CONTROL PERIOD AND CORRESPONDENCE RESTRICTION IMPOSED BY THE DEFENDANT'S VIOLATED, AS WELL AS THESE FIRST AMENDMENT VIOLATIONS ALL STATE A CAUSE OF ACTION AGAINST DEFENDANT'S WHO ACTED UNDER THE COLOR OF LAW AS PRISON OFFICIAL'S TO DEPRIVE PLAINTIFF OF HIS STATE CREATED RIGHTS AND FEDERAL RIGHTS UNDER THE CIVIL RIGHTS ACT OF 42

1  U.S.C. SECTION 1983. FOR GENERAL DAMAGES AND PUNITIVE DAMAGES.

2. THE PLAINTIFF SUFFERED AN UNDO ALLOWABLE PROPERTY LOSS BASED ON DEFENDANTS ILLEGAL PLACEMENT ON THE I.P. NO 608-S.Q.S.P. 90 DAY PROPERTY CONTROL PERIOD OF PUNITIVE PUNISHMENT BY THE DEFENDANT'S AS PRISON CLASSIFICATION COMMITTE MEMBERS USE OF SAID PUNITIVE PUNISHMENT TOWARDS PLAINTIFF, WHO BY THE STATE LAW MANDATES OF CALIFORNIA'S ALLOWABLE DISCIPLINARY PUNISHMENTS DEFINED AS "C.C.R"- TITLE 15, SECTION 3044, THAT BY RULE ONLY AUTHORIZES PLACEMENT OF PRISONERS ON THE SET PRIVILEGE GROUP PLACEMENTS OF "PRIVILEGE GROUP D." WHICH IS THE LOWEST ALLOWABLE AMOUNT OF PRIVILEGE AND PROPERTY A PRISONER CAN BE PLACED UNDER WHILE BEING SUBJECTED TO ANY FORM OF DISCIPLINARY PUNISHMENT, THE DEFENDANT'S ALL PERSONALLY KNEW THE USE OF THE I.P. NO 608-SQSP. 90 DAY PROPERTY CONTROL WAS OUTSIDE OF PLACEMENT ON PRIVILEGE GROUP D. AND VIOLATED THE STATE LAW RIGHTS OWED TO THE PLAINTIFF, FROM FEBRUARY 20, 2007 THROUGH MAY 24, 2007, ALL OF THE PLAINTIFF'S RIGHTS WERE VIOLATED, AND ALL OF THE DEFENDANT'S ARE ACTIONABLE UNDER 42 U.S.C. SECTION 1983. FOR DAMAGES.

3. THE PLAINTIFF WAS SUBJECTED TO PERSONAL PROPERTY LOSS OF ALL OF HIS "HOT PROPERTY ITEMS"- PERSONAL PROPERTY ITEMS AS A RESULT OF THE ILLEGAL PLACEMENT ON THE 90 DAY'S OF PROPERTY CONTROL PLACED IN CONTROL OF THE UNIT'S PROPERTY OFFICER FOR DISPOSAL OF SAID PERSONAL PROPERTY, THIS WAS PERFORMED AS PART OF THE PUNITIVE PUNISHMENT OF BEING PLACED ON TO THE 90 DAYS PROPERTY CONTROL, HAD NOT THE DEFENDANT'S APPLIED THE ILLEGAL PLACEMENT ON THE I.P. NO. 608-SQSP. AND APPLIED ALL OF THE "C.C.R. TITLE 15" DUE PROCESS MANDATES OWE PLAINTIFF THE LOSS

1. OF THE HOT PROPERTY ITEM'S REMOVED FROM PLAINTIFF WOULD NOT HAVE
2. OCCURED, THIS PERSONAL PROPERTY LOSS OF PLAINTIFF'S PROPERTY WAS
3. CAUSED BY DEFENDANT'S ILLEGAL PLACEMENT OF PLAINTIFF ON A UNDO
4. PUNISHMENT OF 90 DAYS OF PROPERTY CONTROL THAT CAUSED THE DISPOSAL
5. OF PERSONAL PROPERTY TO OCCURE, WHILE DEFENDANT'S WERE ACTING
6. UNDER THE COLOR OF LAW, COLOR OF A REGULATION CREATED BY DEFENDANTS
7. AND ARE ACTIONABLE UNDER 42 USC SECTION 1983, FOR DAMAGES.
8. 4. THE PLAINTIFF'S PROPERTY RIGHTS WHEN RAISED ON APPEAL
9. WERE NOT PROPERLY ADDRESSED, THE PRISON PERSONAL WHO PROVIDED
10. THE APPEAL REVIEW ALL FAILED TO TAKE ACTION TO CORRECT THE ILLEGAL
11. PLACEMENT ON 90 DAYS OF PROPERTY CONTROL, AND COVERED UP THE
12. DUE PROCESS VIOLATIONS OF PLAINTIFF'S RIGHTS OWED UNDER THE
13. STATE LAW MANDATES OF C.C.R. TITLE 15 THAT CONVAYS PERSONAL
14. PROPERTY RIGHTS TO THE PLAINTIFF, THE DEFENDANT'S ACTING
15. AS PRISON PERSONAL SUPERVISORYS FAILED TO TAKE ACTION
16. TO HALT THE UNDO REMOVAL OF PLAINTIFF'S HOT PROPERTY AND
17. ALL OTHER PERSONAL PROPERTY ILLEGALLY HELD FOR THE 90 DAY'S
18. OF PLACEMENT ON PROPERTY CONTROL PER THE I.P. NO. 608-
19. SQSP, AND AS SUCH WHEN THESE DEFENDANTS LEARNED OF
20. THE ILLEGAL ACTION AND FAILED TO CORRECT IT, THEY ARE THEN
21. ACTIONABLE UNDER 42 USC 1983 FOR DAMAGES.
22. 5. THE PLAINTIFF WAS ILLEGALLY PLACED ON THE 90 DAYS
23. OF PROPERTY CONTROL PER I.P. NO. 608-SQSP. BY ALL OF
24. THE CLASSIFICATION COMMITTE MEMBERS AND ALL OF THEM
25. ARE ACTIONABLE UNDER 42 U.S.C. 1983 FOR DAMAGES.
26. 6. THE NAMED DEFENDANT'S HEREIN ALL ACTED UNDER THEIR
27. COLOR OF LAW; COLOR OF REGULATION; COLOR OF AUTHORITY, AS
28. PERSON'S EMPLOYED AS PRISON GUARD'S UNION MEMBER'S AT

C08-01943 JF.
PLTF AM. COMP.

4

1  SAN QUENTIN STATE PRISON, EACH PERSON'S RANK HAS IT'S OWN
2  POWER'S AND EACH DEFENDANT ACTED IN SAID RANK AS PART
3  OF PLAINTIFF'S DEPRIVATION BY MEAN'S OUT SIDE OF THE SET DUE
4  PROCESS MANDATES OWED TO THE PLAINTIFF'S PROPERTY RIGHTS,
5  AND THE ILLEGAL ACTION OF APPLYING A TERM OF SOLITARY IN
6  A CELL TYPE CONFINEMENT WITHOUT THE BASIC ALLOWABLE SET
7  PERSONAL PROPERTY ITEM'S, A RADIO, HEADPHONE, T.V. SET,
8  PERSONAL PROPERTY PACKAGE OF ALLOWABLE FOOD ITEMS, ALL OF
9  WHICH PLAINTIFF HAD REMOVED FOR THE ILLEGALLY APPLIED
10 90 DAY PROPERTY CONTROL PUNITIVE PUNISHMENT THAT HAD
11 PLAINTIFF CONFINED IN A SOLID DOOR, BOX CAR TYPE CELL
12 FRONT THAT IS FULLY CONFINED, THIS IS NOT THE DEGREE OF
13 DISCIPLINARY PUNISHMENT THAT SHOULD HAVE BEEN FORCED
14 UPON THE PLAINTIFF, THE STATE LAW DUE PROCESS DEFINED
15 FOR PLAINTIFF'S CONFINEMENT DOES NOT ALLOW THIS TYPE OF
16 CONFINEMENT, AND THE "90 DAY PROPERTY CONTROL WAS APPLIED
17 PRIOR TO PLAINTIFF EVER HAVING A FULL HEARING WITH
18 THE DUE PROCESS OWED AND A GUILTY VERDICT FOUND TO
19 BE USED TO APPLY ANY DISCIPLINARY PUNISHMENTS." ALL OF THESE
20 DEFENDANTS VOIDED THE "WOLFF V. McDONNELL 418 U.S. 539 (1974)." DUE
21 PROCESS MANDATES FOR DISCIPLINARY HEARINGS WHICH WAS OWED
22 TO THE PLAINTIFF PRIOR TO ANY TERM'S OF DISCIPLINARY ACTION
23 SUCH AS THESE APPLIED AGAINST PLAINTIFF, WHICH ARE TO BE SET
24 IN SECTION II; III; AND IV, WHICH FULLY STATE EACH DEFENDANT'S
25 ACT'S, ACTION'S AND CONDUCT THAT PROXIMATELY CAUSED PLAINTIFF'S
26 VIOLATION'S OF HIS STATE CREATED AND FEDERALLY PROTECTED RIGHTS, ALL
27 OF WHICH ARE ACTIONABLE AND COGNIZABLE CLAIM'S UNDER 42 U.S.C. 1983
28 FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF.

C08-01943 JF
PLTF AM. COMP.                    5

# II.

## JURISDICTION.

1. THE COURT HAS JURISDICTION OVER PLAINTIFF'S CLAIMS RAISED IN THIS AMENDED COMPLAINT UNDER 42 U.S.C. 1983, AND 42 U.S.C. 1331,(A) AND 1343.

2. THE PLAINTIFF HAS FULLY EXHAUSTED THE STATE'S INMATE APPEAL PROCESS AT ALL LEVEL'S, WHICH HAS RESULTED IN THE FAILURE'S OF SUPERVISORY PRISON PERSONAL TO FAIL TO ACT TO CORRECT THE ILLEGAL 90 DAY PROPERTY CONTROL THAT WAS APPLIED AGAINST PLAINTIFF TO PLACE THE PERSONAL OWNED PROPERTY OF PLAINTIFF'S IN QUESTION, INFACT THE COVER UP ON THE DENIAL'S FROM SEVERAL OF THE DEFENDANTS WAS APPLIED WHERE PLAINTIFF'S INMATE APPEAL WAS ANSWERED BY SEVERAL OF THE DEFENDANTS AND DENIED, WHERE AS PRISON SUPERVISORY PERSONAL THEY FAILED TO TAKE ACTION TO UNDO AND CORRECT THE 90 DAY'S OF PROPERTY CONTROL AND THE DISPOSAL OF PLAINTIFF'S PROPERTY RELATED TO AND UNDER THE AUTHORITY OF THE 90 DAY'S OF PROPERTY CONTROL ILLEGALLY APPLIED AS I.P. NO 608-S.Q.S.P. WHICH VIOLATES PLAINTIFF'S STATE LAW MANDATES OF "C.L.R." CALIFORNIA CODE OF REGULATIONS - TITLE 15, PERSONAL PROPERTY RIGHTS AND REMOVAL OF THESE RIGHTS CAUSED PLAINTIFF TO SUFFER TERM'S OF ILLEGAL 90 CONFINEMENT IN A SOLID DOOR, - BOXCAR TYPE CELL WITHOUT PLAINTIFF'S PERSONAL PROPERTY ITEM'S, T.V. SET, RADIO, AND HEADPHONES, INCOMMING MAIL, AND PUBLICATIONS, CANTEEN ITEMS, PERSONAL FOOD ITEMS, THAT PER STATE LAW DUE PROCESS MANDATES OF C.C.R. TITLE 15, SECTION 3044, THE LOWEST PERSONAL PROPERTY PRIVILEGE GROUP D, WAS THE STATES OWN

C08-01943 JF
PLTF AM. COMP.
6

1. MANDATED DISCIPLINARY PUNISHMENT AND DEFENDANT'S FAILED
2. TO FOLLOW AND APPLY THIS TOWARDS PLAINTIFF AND ALL OF HIS
3. PERSONAL PROPERTY RIGHTS AND PROTECTIONS OWED PLAINTIFF,
4. THEREFORE UNDER THE COLOR OF LAW — COLOR OF AN ILLEGAL POLICY,
5. DEFENDANTS ACTED TO VIOLATE PLAINTIFF'S STATE CREATED RIGHTS,
6. AND FEDERAL RIGHTS ALL OF THESE CLAIMS STATED RAISE COGNIZABLE
7. CAUSES OF ACTION UNDER 42 USC 1983, AND JURISDICTION IN THIS
8. COURT IS PROPER UNDER THE COURTS ORDER TO FILE THIS AMENDED
9. COMPLAINT.
10. 3. THE DEFENDANTS EACH PERFORMED ACT'S OR ACTIONS THAT
11. CAUSED PLAINTIFF TO SUFFER A LOSS OF THE DUE PROCESS OWED
12. PLAINTIFF'S PERSONAL PROPERTY RIGHTS, AND PLAINTIFF'S LOSS
13. OF THE MANDATORY STATE LAW PLACEMENT ON PRIVILEGE GROUP
14. D, BY DEFENDANT'S ILLEGAL POLICY OF I.P. NO. 608-SQSP APPLIED
15. AGAINST PLAINTIFF AS AN ILLEGAL PLACEMENT ON 90 DAY PROPERTY
16. CONTROL, A PERSONAL PROPERTY RESTRICTION AND DISPOSAL OF ALL OF
17. PLAINTIFF'S C.C.R. TITLE 15 PERSONAL PROPERTY RIGHTS AND DISPOSAL
18. OF PLAINTIFF'S ACTUAL PROPERTY AND UNDO DENIAL OF ALL OF THE
19. PLAINTIFF'S INCOMMING MAIL AND PUBLICATIONS, WHICH ALSO
20. INCLUDED RELIGIOUS PUBLICATIONS AND CORRESPONDENCES, WHICH
21. DEFENDANT'S AS PRISON OFFICIALS OWED PLAINTIFF SET TERMS
22. OF STATE LAW MANDATES AND FAILED TO PROVIDE ALL OF THESE
23. DUE PROCESS AND STATE LAW PROTECTIONS TO A PRISONER UNDER
24. THEIR CUSTODY AND CONTROL, SAID VIOLATIONS OF PLAINTIFF'S
25. RIGHTS BY DEFENDANTS TO TOTAL DAMAGES IN THE AMOUNTS
26. OF: FOR GENERAL DAMAGES TO TOTAL $1,000,000.00 —, AND
27. FOR PUNITIVE DAMAGES TO TOTAL $1,000,000.00, FOR
28. EACH DEFENDANT AS AMOUNTS OWED TO PLAINTIFF.

C08-01943 JF
PLTF AM. COMP.

7

# III.

## PARTIES.

1. PLAINTIFF, SPENCER RAWLINS BRASURE, is a resident of the United States, County of Marin California, incarcerated at San Quentin State Prison.

2. DEFENDANT, ROBERT AYERS JR, WARDEN, at San Quentin State Prison, is and at all time relevant was the Warden at San Quentin State Prison.

3. DEFENDANT, D. DACANAY, ASSOCIATE WARDEN at San Quentin State Prison, is and at all times relevant was the Associate Warden at San Quentin State Prison.

4. DEFENDANT, D. EDWARDS, C.C.II, at San Quentin State Prison, is and at all times relevant was a C.C.II, at San Quentin State Prison.

5. DEFENDANT, PALMER, C.C.I, at San Quentin State Prison, is and at all times relevant was a C.C.I, at San Quentin State Prison.

6. DEFENDANT, J. AVILA, CORRECTIONAL OFFICER, at San Quentin State Prison, is and at all times relevant was a Correctional Officer at San Quentin State Prison.

7. DEFENDANT, D. SCHLOSSER, LT.- C.C.I, at San Quentin State Prison, is and at all times relevant was a LT.-C.C.I. at San Quentin State Prison.

8. DEFENDANT, R. FOX, CAPT. at San Quentin State Prison, is and at all times relevant was a CAPT. at San Quentin State Prison.

9. DEFENDANT'S, ROBERT AYERS JR; D. DACANAY; D. EDWARDS; PALMER; J. AVILA; D. SCHLOSSER; AND R. FOX, all as employee's at San Quentin State Prison and in doing all of the acts and omissions herein described all have been acting under the color of law, color of office, and under color of statute, ordinances, regulations, policys,

C08-01943 JF
Pltf Am. Comp.

8.

1  CUSTOMS, AND USAGES OF THE STATE OF CALIFORNIA, SAN QUENTIN STATE
2  PRISON, WHERE ALL OF THE SAID ACTS AND OMISSIONS WERE COMMITTED
3  BY THESE DEFENDANTS PERSONALLY, AND VIOLATED PLAINTIFF'S CONSTITUTIONAL RIGHTS.

## IV

## STATEMENT OF FACTS.

6  1. THE DEFENDANT'S ALL PRISON EMPLOYEES AT SAN QUENTIN
7  STATE PRISON, EACH PLAYED THEIR OWN PART IN THE APPLICATION
8  OF A DISCIPLINARY PUNISHMENT OF A 90 DAY PROPERTY
9  CONTROL, A LOSS OF PROPERTY PUNISHMENT THAT WAS AN
10 ILLEGAL POLICY CREATED AND ENFORCED BY ALL OF THE
11 DEFENDANT'S IN VIOLATION OF THE ESTABLISHED STATE
12 "A.P.A." - ADMINISTRATIVE PROCEDURES ACT, WHICH ALL NEW
13 STATE REGULATIONS MUST COMPLY WITH FILING IN THE
14 "OAL" OFFICE OF ADMINISTRATIVE LAW, IN ORDER TO BE
15 A VALID CALIFORNIA STATE REGULATION. THE 90 DAY'S OF
16 PROPERTY CONTROL PER THE INSTITUTIONAL PROCEDURES NO. 608-
17 S.Q.S.P. "I.P. NO. 608-SQSP." AS WAS ILLEGALLY APPLIED TOWARDS
18 THE PLAINTIFF THAT PLACED PLAINTIFF ON A DISCIPLINARY
19 PUNISHMENT BELOW THE STATE OF CALIFORNIA'S CODE OF
20 REGULATIONS - "C.C.R." - TITLE 15 ESTABLISHED DISCIPLINARY
21 PUNISHMENTS OF "PRIVILEGE GROUP D." THE LOWEST ALLOWABLE
22 DISCIPLINARY PUNISHMENT GROUP, THE DEFENDANT'S SUBJECTED
23 PLAINTIFF TO PUNISHMENTS WITHOUT FIRST HAVING FOUND GUILTY
24 OF A RULES VIOLATION REPORT, THE DEFENDANTS CIRCUMVENTED
25 THE C.C.R-TITLE 15 REGULATIONS OF PRIVILEGE GROUP D, BY USE
26 OF THE I.P. NO. 608, POLICYS WHICH RESULTED IN THE LOSS OF THE
27 PLAINTIFF'S FIRST AMENDMENT CORRESPONDENCE'S INCOMMING MAIL
28 RIGHTS THAT WERE APPLIED AS PART OF THE 90 DAYS OF PROPERTY CONTROL

1. Along with the disposal of personal property that occured as part of the illegal use of the I.P. No. 608-SQSP, as well as the denial of personal property items such as radio, head phones, T.V. set, canteen items, personal property packages, use of personal clothes and shoes, all of which are part of the state law mandates of C.C.R. Title 15, Section 3044, "Privilege Group D." These defendant's each had their own part in the illegal punishment of plaintiff as the defendant's clearly violated the due process of the C.C.R.-Title 15, by the illegal use of a underground regulation as their I.P. No. 608-SQSP property control policy.

2. The following defendants as classification I.C.C. committe members placed plaintiff on the 90 days of property control on February 24, 2007, D. Dacanay; R. Fox; D. Edwards; D. Schlosser, per I.P. No. 608-SQSP, a policy approved by Warden Ayers Jr. Each of these defendant's personally knew the state law mandates of the C.C.R.-Title 15, and voided all of plaintiff's due process rights prior to applying any form of official disciplinary punishments, these defendant's voided their official state dutys of protecting plaintiff's due process mandates for disciplinary actions and punishments when they elected to apply a "I.P." institutional policy against the plaintiff to over ride the C.C.R. Title 15 state law mandates that requirer a full disciplinary hearing prior to any disciplinary punishments being applied, which resulted in the plaintiff property loss since being placed on the

C08-01943 JF
Ptf Am. Comp

10

1. 90 DAY PROPERTY CONTROL CAUSED THE PERSONAL PROPERTY DISPOSAL TO TAKE PLACE, AS WELL AS THE FORCED SOLITARY CONFINEMENT OF BEING HELD FOR 90 DAYS IN A SOLID DOOR CELL, WITHOUT PLAINTIFF'S ALLOWED PERSONAL PROPERTY, WHICH ON THE C.C.R. TITLE 15 RULE'S ON DISCIPLINARY PUNISHMENT "PRIVILEGE GROUP D" ARE ALLOWED. THESE DEFENDANT'S APPLIED A ILLEGAL UNDERGROUND POLICY TO PUNISH THE PLAINTIFF AND DENY PLAINTIFF THE DUE PROCESS RIGHTS OWED UNDER STATE LAW REGULATIONS, AND CONSTITUTIONALLY PROTECTED.

3. THE DEFENDANT'S C.C.I PALMER, AND C.O. J. AVILA, AS OFFICER'S WORKING IN THE ADJUSTMENT CENTER UNIT EACH DENIED PLAINTIFF THE CHANCE TO MAIL OUT PLAINTIFF'S PERSONAL PROPERTY THAT WAS BEING SUBJECTED TO BEING DISPOSED OF SINCE PLAINTIFF WAS ON PROPERTY CONTROL, DEFENDANT J. AVILA, HAD PERSONAL INSTRUCTIONS TO HOLD PLAINTIFF'S PERSONAL PROPERTY UNTILL A SET DATE, WHICH DID NOT OCCUR, INFACT DEFENDANT C.C.I PALMER, ISSUED DEFENDANT J. AVILA A PRINTOUT STATING PLAINTIFF'S TRUST ACCOUNT HAD NO FUND'S, WHERE ON A INMATE APPEAL IT WAS GRANTED TO GIVE PLAINTIFF A SET PERIOD OF TIME TO HAVE FUND'S SENT TO HIS INMATE TRUST ACCOUNT. TO SEND HOME THE PERSONAL PROPERTY, HAD THE DEFENDANT'S ALLOWED THE SET AMOUNT OF TIME TO PASS THE INMATE TRUST ACCOUNT WOULD HAVE HAD FUND'S FOR THE POSTAGE TO MAIL OUT THE PERSONAL PROPERTY IN QUESTION, HAD THESE DEFENDANT'S COMPLIED WITH THE GRANTED INMATE APPEAL PLAINTIFF'S PERSONAL PROPERTY WOULD NOT HAVE BEEN SUBJECT TO THE DISPOSAL J. AVILA HAD DONE, VIOLATING THE DUE PROCESS.

4. THE PLAINTIFF WAS FORCED TO AN ILLEGAL UNDERGROUND REGULATION - POLICY OF BEING PLACED UNDER A DISCIPLINARY

1  PUNITIVE PUNISHMENTS OUTSIDE OF THE STATE LAW DUE PROCESS
2  MANDATES THAT WERE VOIDED BY DEFENDANT'S ILLEGAL USE OF
3  A "I.P." NO. 608-SQSP, THAT ALLOWED DEFENDANT'S TO APPLY
4  THEIR FORM UNDERGROUND PUNISHMENTS THAT ARE ONLY
5  USED ON CONDEMNED PRISONER'S LIKE PLAINTIFF, AND IT
6  WAS ESTABLISHED IN PRIOR FEDERAL COURT ACTION IN
7  THE THOMPSON CONSENT DECREE THAT THE DEFENDANT'S
8  WERE MANDATED TO FOLLOW THE C.C.R. TITLE 15 STATE LAW
9  REGULATIONS, THE 90 DAY PROPERTY CONTROL POLICY WAS
10 NEVER AUTHORIZED UNDER THE FEDERAL CONSENT DECREE,
11 OR THE STATE LAW REGULATIONS OF THE C.C.R. TITLE 15, AND
12 THE DEFENDANT'S WHO WERE PRISON OFFICIAL'S ALL
13 KNEW THIS I.P. NO 608-S.Q.S.P. WAS ILLEGAL AND OUTSIDE OF
14 THE STATE LAW REGULATIONS AND WAS EVEN APPLIED PRIOR
15 TO A GUILTY FINDING OF ANY C.C.R. TITLE 15 DISCIPLINARY
16 RULE'S VIOLATION, WHICH UNDER CALIFORNIA STATE LAW IS A
17 MANDATORY DUE PROCESS RIGHT, C.C.R. TITLE 15, HAS IT'S SET
18 REGULATIONS, AND TO ADVANCE TO A RANK AS HIGH AS
19 THE DEFENDANT'S ARE ALL OF THEM KNOW WHAT ALL
20 OF THESE REGULATIONS ARE, AND STILL APPLIED THESE
21 ILLEGAL DISCIPLINARY PUNITIVE PUNISHMENTS TOWARD'S
22 THE PLAINTIFF, AND CAUSED PLAINTIFF TO SUFFER AN
23 UNDO TERM OF PUNISHMENT'S FOR 90 DAYS, WHILE IN
24 SOLITARY CONFINEMENT IN A BOXCAR TYPE DOOR ON
25 A CELL THAT PLAINTIFF WAS HELD IN, WITHOUT THE STATE
26 LAW MANDATES OF "PRIVILEGE GROUP D," PERSONAL PROPERTY RIGHTS OWED
27 TO PLAINTIFF, WHERE DECLARATORY AND INJUNCTIVE RELIEF IS
28 REQUIRED TO HALT THESE DEFENDANT'S ILLEGAL USE OF THE 90 DAYS

C08-01943 JF
PLTF AM. COMP.

12.

1. CONTROLED PROPERTY RESTRICTIONS UNDER THE FALSE COVER ON AN INSTITUTIONAL PROCEDURE SUCH AS I.P. NO. 608-SQSP. USED TO REMOVE THE STATE LAW MANDATES OF C.C.R-TITLE 15 WHICH DO NOT ALLOW DEFENDANTS TO APPLY THEIR 90 DAY PROPERTY CONTROL POLICY UPON ANY PRISONERS. THIS UNDO DISCIPLINARY PUNISHMENT IS CRUL AND UNUSUAL PUNISHMENT WHEN IT IS ILLEGALLY USED AS IT WAS AGAINST PLAINTIFF, AND IS A CONSTITUTIONAL RIGHTS CLAIM.

WHEREFORE THE COURT IS ASKED,

1. TO ORDER SERVICE ON All DEFENDANTS NAMED HEREIN BY THE U.S. MARSHAL, TO ALLOW THIS CAUSE OF CIVIL ACTION UNDER THE CIVIL RIGHTS ACT OF 42 U.S.C. 1983, TO PROCEED TO A JURY TRIAL.

2. TO ISSUE AN ORDER TO SHOW CAUSE ON DEFENDANTS ILLEGAL USE OF AN INSTITUTIONAL PROCEDURE - I.P. NO. 608-SQSP. AS A OVER POWERING POLICY TO REMOVE A MANDATORY STATE LAW REGULATION'S OF THE CALIFORNIA CODE OF REGULATIONS OWE TO PLAINTIFF, WHO STILL CAN BE REPLACED ON THIS ILLEGAL 90 DAYS OF PROPERTY CONTROL BY DEFENDANTS AND THE COURT IS ASKED TO ISSUE AN ORDER TO SHOW CAUSE OR A INJUNCTION ON THIS USE OF PROPERTY CONTROL OUTSIDE OF STATE LAW MANDATES.

DATED, AUGUST 19, 2008

RESPECTFULLY SUBMITTED

*Spencer R. Brasure*

SPENCER RAWLINS BRASURE

PLAINTIFF PRO-SE.

Proof of Service by Mail

I declare that:

I am a resident of SAN QUENTIN STATE PRISON in the county of MARIN, California. I am over the age of 18 years. My residence address is:

SAN QUENTIN STATE PRISON, P.O. BOX #P10000, SAN QUENTIN, CALIF. 94964.

On August 19, 2008, I served the attached PLAINTIFF'S AMENDED COMPLAINT on the 19TH. DAY OF AUGUST 2008 in said case by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully paid, in the United States mail at SAN QUENTIN STATE PRISON addressed as follows:

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, 280 S. FIRST ST., #2112, SAN JOSE, CALIFORNIA 95113-3003.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on August 19, 2008 [date], at SAN QUENTIN, California.

CASE NO. C-08-01943

SPENCER R. BRASURE
[Type or Print Name]

Spencer R. Brasure
[Signature]

August 11, 2008

Dear Clerk,

RECEIVED
2008 AUG 26 PM 2:52
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

Please find herein my Amended Complaint which was ordered by Judge Fogel in Case No. C-08-1943 JF. Also enclosed is a Request for Judicial Notice, both to be filed.

I have also included an extra set of cover sheets for each motion, to be stamped "filed" and returned to me.

Thank you very much!

Respectfully,

Spencer R. Brasure

*S2008460904*

\* CONFIDENTIAL LEGAL MAIL \*

It is a federal crime to tamper with my mail in any way or form. That includes San Quentin staff making unlawful comments and writings on this envelope and contents, as well as the intentional theft and destruction of any of my mail, and the deliberate and malicious switching of contents from one envelope and into another.

YOU'RE BEING MONITORED!

✻ CONFIDENTIAL LEGAL MAIL ✻

Agmen R. Braeme #P10000 / INNOCENT DEATH ROW PRISONER
San Quentin State Prison: Death Row
P.O. Box #P10000
San Quentin, California 94964

✻ CONFIDENTIAL LEGAL MAIL ✻

United States District Court
Northern District of California
280 S. First St., #2112
San Jose, California 95113-3003

✻ CONFIDENTIAL LEGAL MAIL ✻

$02.02 US POSTAGE