*E-Filed 9/13/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SPENCER RAWLINS BRASURE,<br><br>    Plaintiff,<br><br>  v.<br><br>ROBERT AYERS, et al.,<br><br>    Defendants. | No. C 08-1943 RS (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

**INTRODUCTION**

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. For the reasons stated herein, defendants' motion for summary judgment is GRANTED as to all claims against all defendants.

**BACKGROUND**

The undisputed facts are as follows: A 2007 search of plaintiff's cell by defendants, employees of San Quentin State Prison, yielded drug paraphernalia, documents related to gambling and gang activity, and weapons. Consequently, the contraband was seized for inventorying, plaintiff was placed on a temporary property control restriction, and a hearing was subsequently held. Plaintiff was found guilty of possessing a weapon and lost ten days

of yard privileges. Ninety days after the seizure, the property restriction was terminated and plaintiff's authorized property was returned to him.[1] Plaintiff's specific claims are that defendants violated his (1) First Amendment rights by placing him on property and correspondence restrictions; and (2) due process rights by the loss of property taken because of the restrictions.[2]

## MOTION FOR SUMMARY JUDGMENT

### I. Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). On an issue for which the non-moving party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, show that a material fact is genuinely disputed. Fed. R. Civ. P. 56(c). The court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*,

---

[1] After his property was returned, plaintiff filed an inmate grievance in which he alleged that some items had not been returned. Plaintiff withdrew this grievance ten days later, stating that all issues had been "resolved." (Defs.' Mot. for Summ. J. at 17.)

[2] Plaintiff's third claim — that his rights were violated when defendants promulgated the rules under which he was deprived of his property — is duplicative of the issues raised in the first two claims and is hereby DISMISSED.

477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id*. If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323.

## II. Claims

Plaintiff claims that his due process rights were violated when defendants (A) deprived him of his property; (B) deprived him of his mail; and (C) destroyed his property. As set forth below, none of these claims present a viable basis on which to proceed.

### A. Property Deprivations

Plaintiff claims that his 90-day placement on property restrictions violated his First Amendment rights. In essence, plaintiff's claim is that defendants violated his right to due process by depriving him of his property for 7 days prior to his hearing, and for 90 days thereafter.

When state officials deprive an inmate of his property pursuant to state regulations and statutes, due process mandates a meaningful hearing on the matter. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982); *Armendariz v. Penman*, 31 F.3d 860, 866 (9th Cir. 1994), aff'd in part on relevant grounds and vacated in part on other grounds on reh'g en banc, 75 F.3d 1311 (9th Cir. 1996) (en banc). Here, it is undisputed that plaintiff was provided with a meaningful hearing and an opportunity to express his views with respect to the property's confiscation. Contrary to plaintiff's assertion, the hearing need not always be prior to deprivation, as "the necessity of quick action by the State or the impracticability of any pre-deprivation process" are important considerations. *See Logan*, 455 U.S. at 436 (quoting *Parratt v. Taylor*, 451 U.S. 527, 539 (1981)); *Armendariz*, 31 F.3d at 866. Furthermore, the non-contraband property was returned to plaintiff. Therefore, he has not shown that defendants violated his right to due process. Accordingly, defendants' motion for

summary judgment as to his property restrictions and deprivations is GRANTED.

### B.  Mail Deprivation

Plaintiff alleges that defendants placed him on mail restrictions contemporaneous with his property restrictions, and that he lost his subscription publications and a personal letter as a result. Defendants deny that he was placed on mail restrictions. Other than plaintiff's assertions, there is no evidence in support of his claim.

Plaintiff has not shown that his due process rights were violated. He simply assumes that he failed to receive his mail because of a mail restriction. The undisputed fact that only a small amount of mail went missing, and that there is no record plaintiff was placed on mail restriction, undermine this assumption. Even viewing the allegations in the light most favorable to plaintiff, the missing mail appears to be the result at most of negligence, rather than any intentional acts by defendants. Liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). As a claim of negligence is insufficient to show a violation of due process, defendants' motion for summary judgment as to this claim is GRANTED.

### C.  Loss of Property

Plaintiff claims that defendants destroyed his property without affording him due process. According to defendants, plaintiff complained to prison staff that some boxes containing his legal materials were missing. Plaintiff was told that the boxes were not missing, but that the contents had been condensed into fewer boxes.

Plaintiff has not shown a basis for relief, even if his property was destroyed. Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. *See Parratt*, 451 U.S. at 535–44 (1981), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330–31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides

sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895). Accordingly, defendants' motion for summary judgment as to this claim is GRANTED.

## CONCLUSION

Defendants' motion for summary judgment (Docket No. 33) is GRANTED. Plaintiff's motions for sanctions, entry of default judgment, and hearings[3] (Docket Nos. 32, 35, 36, 43 & 47) are DENIED. The Clerks shall terminate Docket Nos. 32, 33, 35, 36, 43 & 47, enter judgment in favor of defendants as to all claims, and close the file.

**IT IS SO ORDERED**.

DATED: September 13, 2011

　　　　　　　　　　　　　　　　RICHARD SEEBORG
　　　　　　　　　　　　　　　　United States District Judge

---

[3] Though some are titled as motions for summary judgment, they are in fact motions for sanctions.